# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **OSAMA ABU IRSHAID**, et al.;<br><br>*Plaintiffs,*<br><br>v.<br><br>**MERRICK GARLAND**, Attorney General of the United States, et al.;<br><br>*Defendants.* | **Case No.:** 1:24-cv-1405 (MSN/WBP)<br><br>District Judge Michael S. Nachmanoff |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

### Introduction

Dissatisfaction with a Court's decision is not grounds for reconsideration. Defendants ask the Court to reconsider its recent decision declining to dismiss sole-remaining-Plaintiff, Dr. Osama Abu Irshaid's Fourth Amendment seizure claim. Its reason? The seizure was not indefinite because his phone was ultimately returned, and because the phone was returned, the claim is otherwise moot.

The Government's motion to reconsider should be dismissed on three grounds. First, it makes no legitimate claim of mistake of law or fact. Baldly asserting that the Court misread the briefs put before it is insufficient to permit reconsideration. Second, even if the Court misunderstood whether Dr. Abu Irshaid's phone had been returned, the Government's seizure was still unreasonable in both duration and scope. Finally, Dr. Abu Irshaid's Fourth Amendment seizure claim is not moot because the Government has provided no indication that it cannot or will not repeat

its unlawful action. In fact, because of Dr. Abu Irshaid's watchlist status, they will take his phone the next time he crosses the border. Accordingly, Plaintiff Dr. Abu Irshaid respectfully asks the Court to uphold its original decision and allow his Fourth Amendment seizure claim to proceed.

## Background

On December 3, 2024, Dr. Osama Abu Irshaid, along with five other Plaintiffs, filed an Amended Complaint against the Government, each challenging his placement on the Government's top secret, Federal Terrorism Watchlist. Amended Compl., Dkt. 19. The Complaint challenged, among other things, the unconstitutional seizure of Dr. Abu Irshaid's cell phone, which remained in government custody for over six months and including at the time of filing. *Id.* Three weeks after Plaintiffs filed their Amended Complaint, and one week after Defendants filed their Motion to Dismiss, Dr. Abu Irshaid's phone was miraculously returned. *See* Response to Defendants' Motion to Dismiss, Dkt. 25, at 9, 13.

On March 10, 2025, the Court dismissed all but one singular claim, held by Dr. Abu Irshaid, challenging the six-month search and seizure of his cell phone under the Fourth Amendment. Opinion, Dkt. 30. The Court found that Dr. Abu Irshaid plausibly alleged that by keeping his phone from June 3, 2024 until at least the time of filing on December 3, 2024, the Government violated his Fourth Amendment rights "regardless of the nature of any search performed." *Id.* at 20. The Government now asks the Court to reconsider and find the seizure reasonable and the claim moot. Motion to Reconsider, Dkt. 33. The Court, having correctly found that the

Government unreasonably deprived Dr. Abu Irshaid of his property and is poised to do so in the future, should deny Defendants' Motion to Reconsider.

## **Argument**

I. **The Government cannot ask the court to merely rethink what it has already thought through.**

The Government has failed to submit any fact for the Court to reconsider. A motion to reconsider is an appropriate remedy to resolve "a grievous wrong [] committed by some misapprehension or inadvertence by" a court. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (citing *Belmont v. Erie Ry. Co.*, 52 Barb. 637, 641 (N.Y. App. Div. 1869)). A court may reconsider its prior decision "where, for example, [it] has patently misunderstood a party, or . . . [there has been a] significant change in the law or facts since the submission of the issue to the Court." *Id.* at 101. A party may not succeed on a motion to reconsider where it only "asks the Court to rethink what the Court has already thought through—rightly or wrongly." *Id.* But this is precisely what the Government is asking the Court to do.

In its motion, the Government cites only one fact misunderstood by the Court—that Dr. Abu Irshaid's cell phone had been returned to him. Motion to Reconsider, at 3. Defendants make this assertion baselessly. Not only does its own reply brief clearly state that Dr. Abu Irshaid's cell phone was returned in December 2024, Reply to Defendants' Motion to Dismiss, Dkt. 29, at 5 n.5, Plaintiff's response motion also discusses the return multiple times. Plaintiff's Opposition to Motion to Dismiss, Dkt. 25, at 9, 13. Moreover, nothing in the Court's opinion indicates that it believed that

the Government retained the device at the time of the March 2025 decision. *See* Opinion, at 5 ("As of *December 2024*, the government had not returned Abu Irshaid's phone despite multiple requests from Abu Irshaid and his attorneys.") (emphasis added). Instead, the Court found that an unjustified six-month device seizure by an unresponsive government agency is violative. *See id.* Because the Court's opinion does not rely upon the phone remaining with the government—or otherwise indicate that such a fact would have impacted the decision at all—the Government cannot plausibly allege that such a "mistake of fact" warrants reconsideration. Instead, the Government is merely looking for a second bite at the apple, which is inappropriate for a motion to reconsider.

## II. The Government unreasonably seized Dr. Abu Irshaid's phone for over six months and only returned it after the filing of the lawsuit.

The Government's eventual return of Dr. Abu Irshaid's phone does not magically transform an unreasonable seizure into a reasonable one. The Fourth Amendment protects individuals from unreasonable seizures. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). Even an objectively reasonable-when-initiated seizure may become unreasonable over time. *United States v. Kolsuz*, 890 F.3d 133, 141 (4th Cir. 2018). As the Court acknowledged, a "seizure reasonable at its inception, must remain reasonable in scope and duration to satisfy the Fourth Amendment." *Id*. A seizure that is indefinite or becomes untethered to its original purpose is no longer reasonable. *Id.*

A Fourth Amendment seizure, including those initiated at the border, must remain tethered to its original rationale to remain constitutionally compliant. *See Id.*

at 143. An unreasonable or unjustified delay violates the Fourth Amendment by untethering a seizure from its original purpose. *See United States v. Pratt*, 915 F.3d 266, 272 (4th Cir. 2019). The government may overcome a presumption of an unreasonably lengthy seizure only by providing "persuasive justification" for it. *See id.* Although Fourth Amendment reasonableness is a fact specific inquiry, the Fourth Circuit has held that an unjustified 31-day seizure of a cell phone at the United States border violates a plaintiff's constitutional rights. *See id.* (finding that a 31-day phone seizure violative where "only the phone's files [not the physical device] had evidentiary value.").

The Government's six-month, unjustified seizure of Dr. Abu Irshaid's cell phone violated his Fourth Amendment rights. The Government claims no interest in Dr. Abu Irshaid's device other than conducting a forensic search. *See* Defendant's Reply, at 6. It further provides no justification explaining why a forensic search of the electronic files and contents of the phone required a six-month seizure. *See id.* In fact, the Government's only rebuttal to the Court's unreasonableness finding is that it eventually did return Dr. Abu Irshaid's phone, and therefore the seizure was not "indefinite." *See* Motion to Reconsider, Dkt. 33 at 3.

Whether the Government returned the phone eventually, however, has no bearing on the reasonableness of the seizure. *See Pratt*, 915 F.3d at 272. The word "indefinite" does not mean never ending. It refers to a time period that is uncertain,

vague, or unstated at its inception.[1] As the Court expressed, as of December, the Government held Dr. Abu Irshaid's device far beyond the time the Fourth Circuit has already found comparable seizures to be unreasonable. *See* Opinion, Dkt. 30 at 20 (citing *United States v. Nkongho*, 107 F.4th 373, 385 (4th Cir. 2024)). Moreover, until the day the device was returned to Dr. Abu Irshaid, the period for which the Government would retain the device was uncertain, vague, and unstated—indefinite. The Government has not provided any justification explaining why it held the phone for so long. It has not even indicated that the holding period was at any time fixed or limited. Suddenly returning the phone just three weeks after Dr. Abu Irshaid filed his Amended Complaint further shows the lack of a legitimate reason to hold the device. A six-month seizure where no timeline for return exists and which the government is unable to justify is both indefinite and unreasonable. The Court should not reconsider its decision.

### III. The Government will unreasonably seize Dr. Abu Irshaid's phone in the future if the Court does not intervene.

Dr. Abu Irshaid's Fourth Amendment seizure claim against the Government is not moot because the Government can and will continue to unreasonably seize Dr. Abu Irshaid's phones and electronic devices each time he crosses the border. To show that a case "is truly moot, a defendant must prove that no reasonable expectation' remains" that it will continue the challenged behavior. *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (citing *United States v. W.T. Grant*

---

[1] *See Indefinite*, Cambridge Dictionary, available at https://dictionary.cambridge.org/us/dictionary/english/indefinite.

*Co.*, 345 U.S. 629, 632 (1953)). To do so, a defendant must do more than proffer a "sparse declaration" asserting that it will refrain from continuing the challenged actions. *Id.* at 242 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 190 (2000)). The Government has not even done that.

Not only has the Government failed to proffer even a "sparse declaration" that the constitutional deprivation is unlikely to recur, but its continued practice of device seizures also prove that this deprivation will continue to affect Dr. Abu Irshaid. Customs and Border Protection policy directs officers to seize and search the electronic devices of individuals on the Federal Terrorism Watchlist. Amended Compl., Dkt. 19, at ¶ 264. To that end, government agents routinely confiscate watchlisted individuals' electronic devices for indefinite periods of time—minutes, hours, days, months, and even years. *See id.* at ¶¶ 7, 265, 271. Dr. Abu Irshaid alleges that he remains on the Federal Terrorism Watchlist. So long as he remains, the Government will continue to seize his electronic devices each time he travels internationally. *Id.* at ¶ 265; CBP Directive No. 3340-049A (January 2018).

The Government has failed to rebut the presumption that it will continue to follow Custom and Border Protection's directives or its established pattern of seizing Dr. Abu Irshaid's devices for indefinite periods each time he travels internationally. It has not provided a reason for the lengthy seizure, pointed to policies dictating the length of such border seizures, or even attempted to state that a similar seizure is unlikely to recur. Instead, it relies only on the return of Dr. Abu Irshaid's phone. *See* Motion to Reconsider, at 3. Without providing any justification for the seizure or

attempting to explain why it is unlikely to be repeated, the Government has not met its burden. *See Fikre*, 601 U.S. at 241–42. Therefore, the Government's mootness argument must fail, and the Court should affirm its decision allowing Dr. Abu Irshaid's Fourth Amendment seizure claim to proceed.

## Conclusion

For the foregoing reasons, Plaintiff Osama Abu Irshaid respectfully asks the Court to deny Defendants' Motion for Reconsideration.

Dated: April 24, 2025

Respectfully Submitted,

CAIR LEGAL DEFENSE FUND
BY: /s/ Lena F. Masri
Lena F. Masri
lmasri@cair.com
Gadeir I. Abbas
gabbas@cair.com
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

*Attorneys for Plaintiffs*