IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OSAMA ABU IRSHAID, *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MERRICK GARLAND, United States Attorney General, *et al.*,<br><br>                    Defendants. | No. 1:24-cv-1405 (MSN/WBP) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7(F)(1), Defendants, through undersigned counsel, respectfully submit this reply memorandum of law in support of their motion for reconsideration (Dkt. 33) ("Mot. for Recon.").

In their motion, Defendants sought reconsideration of a discrete aspect of the Court's March 10, 2025 order (Dkt. 30) granting in large part their motion to dismiss the amended complaint. Specifically, Defendants sought reconsideration of the Court's decision to allow Plaintiff Abu Irshaid's as-applied Fourth Amendment claim concerning the "apparently indefinite deprivation" of his cell phone to proceed. Mot. for Recon. ¶ 2 (quoting Dkt. 30 at 20). This part of the decision appeared to be premised on an understanding that the government still retained possession of Plaintiff Abu Irshaid's phone—he had alleged as much in the amended complaint—when, in fact, the government had returned the phone in December 2024. *See id.* ¶¶ 2–3. As a result, the claim challenging the allegedly "permanent[]" seizure of his phone and corresponding request for an order that it be

returned, Dkt. 19 ("Am. Compl.") ¶ 527; *id.*, Prayer ¶ 577(i), had become "moot," Mot. for Recon. ¶ 4 (quoting *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 359 (1977)).

Plaintiff opposes Defendants' motion for reconsideration on three grounds, Dkt. 43 ("Opp."), none of which succeeds.

*First*, Plaintiff argues that, simply because the parties mentioned the return of the phone in their briefs, the Court must have accounted for that fact. *Id.* at 3-4. The lone legal authority he cites for this argument, however, not only does not support this limitation, but actually cuts against it, as the court there recognized "an error not of reasoning but of apprehension"—*i.e.*, a misunderstanding by the court—as a basis for granting a motion for reconsideration. *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).[1] In any event, this argument somewhat misses the point. The question is not whether the parties mentioned the issue, but rather whether the Court understood the phone had been returned. If it did, then that ends the matter. And if it did not, then the fact that the parties raised the issue in briefing is no obstacle to the Court's reconsideration. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (explaining that "[m]otions for reconsideration of interlocutory orders" are "committed to the discretion of the district court").

*Second*, Plaintiff mischaracterizes Defendants' argument by asserting that the "return of Dr. Abu Irshaid's phone does not magically transform an unreasonable seizure into a reasonable one." Opp. 4-6. The basis for Defendants' motion for reconsideration has nothing to do with the reasonableness *vel non* of the seizure of Plaintiff's phone. Defendants' argument is that, whatever the

---

[1] The language Plaintiff (selectively) quotes from this decision does not, as he represents, establish the legal standard for granting a motion for reconsideration; rather, it is a summary of why a court has power to entertain a motion for reconsideration in the first place. *See Above the Belt*, 99 F.R.D. at 101 ("An appeal will not aid him, for that must be heard upon the papers on which the motion was decided. . . . A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist." (quoting *Belmont v. Erie Ry. Co.*, 52 Barb. 637, 639 (N.Y. App. Div. 1869) (Cardozo, J.))).

reasonableness, a Fourth Amendment claim challenging a seizure and seeking return of the seized property—such as Plaintiff's—becomes moot when that property is returned. Mot. for Recon. ¶ 4. Notably, Plaintiff altogether ignores the binding Supreme Court decision Defendants cited for this point and thereby concedes the argument. *See, e.g.*, *Polidi v. Mendel*, 2023 WL 5673116, at *3 (E.D. Va. Sept. 1, 2023) ("Where a party fails to respond to an argument, the Court may consider the argument conceded."); *see also Su v. Family First Home Healthcare, LLC*, 2024 WL 4101798, at *1 (E.D. Va. Apr. 19, 2024) (collecting cases).

*Third*, Plaintiff argues that Defendants have not shown that they will not seize his phone again, invoking the voluntary-cessation exception to the mootness doctrine. Opp. 6-8 (citing *FBI v. Fikre*, 601 U.S. 234 (2024)). But as *Fikre* makes clear, that exception is concerned primarily with a party's ability to escape judicial review simply by suspending its conduct during litigation only to resume it once the case has been found moot. *See* 601 U.S. at 241 ("[A] defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat 'this cycle' as necessary until it achieves all of its allegedly 'unlawful ends.'" (citation omitted)). That concern obtains, however, only when the defendant is at liberty to engage in the challenged conduct at will. Here, by contrast, the challenged conduct is the one-time seizure of Plaintiff's phone that continued after Plaintiff departed the port of entry. Defendants cannot simply resume that conduct if this claim is dismissed; Plaintiff would have to again travel internationally, with a cell phone, and return. And even if that were to occur, Plaintiff himself admits that he has traveled internationally many times without the government seizing his phone beyond the time he was personally detained—including *after* the trip when his phone was seized. *See* Am. Compl. ¶¶ 268, 271-73, 310, 316-19. Accordingly, it cannot be assumed that the government will again seize Plaintiff's phone—in the sense of retaining the device beyond the time of Plaintiff's own temporary detention—when his own allegations establish that the government has *not* done so on every occasion but one. *Cf. Abbott v. Pastides*, 900

F.3d 160, 176 (4th Cir. 2018) ("Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." (citation omitted)).[2]

\*   \*   \*

The premise of Defendants' motion for reconsideration is straightforward: The Court's order on the motion to dismiss contained language indicating that the Court may have believed that Plaintiff's phone had not been returned, when in fact it had—a fact that governing case law indicates moots the sort of Fourth Amendment seizure claim that Plaintiff asserts. If there was such a mistake of fact, then Defendants respectfully request that the Court grant reconsideration and dismiss the part of Plaintiff's remaining claim concerning the seizure of his phone.

Dated:  April 30, 2025                              Respectfully submitted,

                                                ERIK S. SIEBERT
                                                UNITED STATES ATTORNEY

*By*:           /s/
ELIZABETH A. SPAVINS
PETER B. BAUMHART
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785/3738
Fax:            (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov
            Peter.Baumhart@usdoj.gov

*Counsel for Defendants*

---

[2] Plaintiff's Fourth Amendment claim regarding the *searches* of his phones when he crosses an international border remains in the case and will not be affected should the Court grant Defendants' motion for reconsideration.

4