IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

OSAMA ABU IRSHAID, *et al.*,
          Plaintiffs,

v.

PAMELA BONDI, *et al.*,
          Defendants.

No. 1:24-cv-01405-MSN-WEF

### **ORDER**

This matter comes before the Court on Defendant's Motion for Reconsideration (ECF 33). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 70 (1983). "A case or controversy dissipates when it becomes moot." *Lancaster v. Secretary of Navy*, 109 F.4th 283, 289 (4th Cir. 2024). "For mootness to occur, events transpiring while the matter is pending must 'make[] it impossible for the court to grant any effectual relief to the plaintiff.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Moreover, a court's "mootness analysis 'is predicated on the contents of [a plaintiff's] federal complaint." *Id.* (quoting *Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 20 F.4th 835, 846 (4th Cir. 2021)).

Here, Plaintiff Abu Irshaid, as part of Count I of Plaintiff's Amended Complaint, requested an injunction that would "[r]equire[] Defendants to return [his] phone," which was seized upon his reentry to the United States on June 3, 2024. ECF 19 ¶ 577(i); *see id.* ¶¶ 286-301. This Court, in considering Defendants' motion to dismiss Plaintiffs' Amended Complaint, held that the continued seizure as alleged in the Amended Complaint was an unreasonable seizure under the Fourth Amendment of the United States Constitution. *See* ECF 30 at 20.

But that holding was premised on a misunderstanding. Defendants had in fact noted that they had returned the seized phone in a footnote of their reply brief. ECF 29 at 5 n.5. After the Court issued its opinion and order on Defendant's motion to dismiss, Defendants moved for reconsideration under Fed. R. Civ. P. 54(b). ECF 33. Recognizing that the phone has been returned, the Court concludes that Count I, insofar as it challenges the continued seizure of Plaintiff Abu Irshaid's phone, is moot. Plaintiff requested the return of his phone. The phone has been returned. His injury, therefore, "can[not] be redressed by a favorable judicial decision." *Iron Arrow*, 464 U.S. at 70.

In response, Plaintiffs point to the voluntary cessation doctrine, an exception to the mootness doctrine. ECF 43 at 6-8. Under that doctrine, "a defendant's voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot be expected to recur." *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (cleaned up). But this is not a case (at least with respect to Abu Irshaid's now-returned phone) in which Defendants can "suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off." *Id.* at 241 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). The relief that Plaintiff sought in Count I was not the cessation of a policy practice, but the return of his phone. ECF 19 ¶ 577(i). In *Fikre*, by contrast, the Plaintiff sought and could obtain "a declaration that the Government's reliance on particular evidence (e.g., attendance at a mosque) violated his constitutional rights, as well as an injunction against future consideration of such evidence." *Moharam v. TSA*, 2025 WL 1141954, at *5 (D.C. Cir. 2025) (citing pleadings in *Fikre*). In short, "[a]s the 'master of his complaint,' [Abu Irshaid] chose which remedies to pursue," *Lancaster*,

109 F.4th at 283 (quoting *Johnson*, 20 F.4th at 844). Because the relief he sought has been granted in full, the Court must dismiss the claim.

To be clear, in granting the motion for reconsideration the Court is not dismissing Count I in its entirety. The Court does not understand Defendants' motion for reconsideration to challenge the Court's decision as it involves the alleged searches of Abu Irshaid's phones. *See* ECF 30 at 15-20.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion (ECF 33) is **GRANTED**; and it is further

**ORDERED** that Count I of Plaintiffs' Amended Complaint, insofar as it alleges a violation of the Fourth Amendment arising from the seizure of Plaintiff Abu Irshaid's phone, is **DISMISSED AS MOOT**; and it is further

**ORDERED** that the stay entered by this Court on April 7, 2025 (ECF 37) is **DISSOLVED**; and it is further

**ORDERED** that Defendants shall file an answer to Plaintiffs' Amended Complaint within seven (7) days of the date of this Order.

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

May 21, 2025
Alexandria, Virginia