# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| OSAMA ABU IRSHAID, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, United States Attorney General, *et al.*,<br><br>          Defendants. | No. 1:24-cv-1405 (MSN/WBP) |

## JOINT PROPOSED DISCOVERY PLAN

The parties, pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), respectfully submit this Joint Proposed Discovery Plan to the Court.

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and they respectfully propose that the Court adopt the schedule and provisions described below.

2. Initial Disclosures. The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1)(A) by **July 9, 2025**.

3. Joinder of Parties. The parties do not anticipate the joinder of additional parties.

4. Amendment of Pleadings. The parties do not anticipate the filing of amended pleadings.

5. Discovery.

   a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on **October 10, 2025**, pursuant to the Court's order of May 30, 2025 (Dkt. 47).

   b. Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court.

   c. Depositions: Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of

      the parties or order of the Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties. Unless the parties agree otherwise in writing, notice of any deposition will be given at least eleven (11) days before the scheduled date of the deposition, consistent with Local Rule 30(H).

    d.    Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) days of receipt and shall make the received documents available for inspection and copying.

6.    <u>Expert Witnesses.</u>

    a.    Plaintiffs shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **July 30, 2025**.

    b.    Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **September 1, 2025**.

    c.    Plaintiffs shall disclose any contradictory evidence or rebuttal to Defendants' disclosures on or before **September 15, 2025**.

7.    <u>Electronically Stored Information ("ESI")</u>. The following standards will apply to the production of ESI:

The parties will produce ESI in PDF format. Unless the parties agree otherwise in writing or unless the responsive documents are unsuited to static imaging, such as Excel spreadsheets, producing ESI in native format is unnecessary. The producing party shall maintain the electronic information in electronic format and the parties shall reasonably preserve electronically stored information until the resolution of this lawsuit. To the extent that the printed or PDF document does not indicate information that may be important (such as the date, location, and specific terminal on which the document was created or modified; the sender and all recipients of electronically transmitted data; and the locations of the terminals on which it is stored), the parties will, upon request related to particular documents and if technologically feasible, determine that information from the electronic document and provide it to the requesting party.

The parties are also required to preserve the metadata of all original ESI. The producing party shall not change any information within the content of any electronically stored information, including its metadata. "Metadata" includes file attributes such as file owner, creation date, modification date, and (for emails) to/from/cc/bcc. Except with regard to information protected by privilege, law-enforcement sensitivity, or classified status, the parties agree to produce ESI without any modification or change (including to its title or content); provided, however, the producing party may modify the file name by inserting a Bates number at the beginning of the file name or at the bottom of the document (if not produced in native format). If a party receives a particular ESI document or file during the course of discovery and has a

    reasonable and articulable reason for requesting the native format or metadata associated with that PDF or other ESI, the receiving party may request the native format or metadata from the producing party. A producing party will accommodate such reasonable requests to the extent practicable but the parties reserve the right to object to any such requests or seek to compel production.

8. <u>Issues Regarding Privilege</u>.

   a. Inadvertent Disclosure: Any disclosure of privileged, work-product protected, or other protected information as part of a production is not a waiver in the pending case or in any other federal or state proceeding or arbitration. This agreement of the parties and by order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court.

   b. Privilege Logs: Unless otherwise agreed in writing, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) within ten (10) business days of the written response to a request for documents. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. Communications between trial counsel and their respective clients are not subject to discovery absent a specific need shown and order of the Court, and therefore no privilege log is required for such communications.

   c. Privileged Communications Between Counsel, or Between Parties and Their Counsel: The parties agree that they shall not seek discovery of documents created after the filing of Plaintiff's lawsuit in the Eastern District of Virginia that are privileged because they are sent solely between counsel for a particular party, that are privileged because they are sent between a party and that party's counsel, or that are privileged because they were generated at the direction of counsel or reflect counsel's attorney work product. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

9. <u>Deposition Designations.</u> Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii), the parties shall file deposition designations, if any, 14 days before the trial date, with any opposing party objections due seven days later.

10. <u>Preservation and Retention of Documents</u>. Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

11. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>. All pleadings, motions, and other papers that are filed are to be served electronically as provided

for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email or electronic file transfer all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

12. <u>Settlement</u>. The parties remain open to discussing settlement of this matter. If the parties reach a point where they believe that their discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at a time convenient for the Court.

13. <u>Trial Before Magistrate</u>. The parties do not consent to the trial of this matter by a United States Magistrate Judge.

14. <u>Waiver of Rule 16(b) Pretrial Conference</u>. Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) initial pretrial conference scheduled for June 25, 2025, at 11:00 am be cancelled.

Dated: June 18, 2025

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

_____/s/_____
Lena Masri
Gadeir Abbas
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave. SE
Washington, DC 20003
Tel: (202) 742-6420
Fax: (202) 379-3317
lmasri@cair.com
gabbas@cair.com

Dina Chehata (*pro hac vice*)
Amr Shabaik (*pro hac vice*)
COUNCIL ON AMERICAN ISLAMIC RELATIONS, CALIFORNIA
2180 W. Crescent Ave., Suite F
Anaheim, CA 92801
Tel: (714) 776-1177

*Counsel for Plaintiffs*

_____/s/_____
ELIZABETH A. SPAVINS
PETER B. BAUMHART
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3785/3738
Fax:   (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov
         Peter.Baumhart@usdoj.gov

*Counsel for Defendants*