IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

OSAMA ABU IRSHAID, *et al.*,

        Plaintiffs,

v.

PAMELA BONDI, United States Attorney General, *et al.*,

        Defendants.

No. 1:24-cv-1405 (MSN/WBP)

## DEFENDANTS' MOTION FOR LIMITED STAY OF DISCOVERY DUE TO LAPSE IN APPROPRIATIONS

Pursuant to Federal Rule of Civil Procedure 6(b), and for good cause shown, Defendants, through undersigned counsel, respectfully move for a limited stay of the remaining discovery period and an extension of time to oppose Plaintiff's motion to compel equal to the total number of days that federal government operations are ceased due to a lapse in appropriations. Defendants also seek to continue the hearing on the motion to compel until after the lapse in appropriations ends. The grounds for this motion are as follows:

1. At 11:59 p.m. on September 30, 2023, the appropriation that had been funding the Department of Justice expired and appropriations to the Department lapsed.

2. Absent an appropriation, Department of Justice employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Undersigned counsel has been informed that she, along with most other employees of the U.S. Attorney's Office's Civil Division, is expected be furloughed during the lapse in

1

appropriations. While the undersigned counsel has been excepted from the furlough for an extremely narrow set of cases that have a direct and emergent impact on "the safety of human life," she has been informed by her supervisors that she is not authorized to work on the remainder of those cases assigned to her during the pendency of the lapse in appropriations, which includes this case.

3. Discovery is set to close on October 10, 2025, and Defendants' opposition to Plaintiff's motion to compel is currently due on October 8, 2025. A hearing on Plaintiff's motion to compel is currently set for October 24, 2025.[1]

4. Because it is unknown when funding will be restored, Defendants respectfully request that the Court extend the deadline to oppose Plaintiff's motion to compel and continue the hearing on that motion commensurate with the total duration of the lapse in appropriations. Accordingly, Defendants respectfully request that the Court stay the discovery period from the time the lapse in appropriations began (*i.e.*, October 1, 2025) until the date on which the lapse in appropriations ends, such that once the lapse ends, there will be an equivalent number of days remaining in the discovery period as there were when the lapse began. They further respectfully request that their time to respond to Plaintiff's motion to compel be extended commensurate with the lapse in appropriations (i.e., that they be ordered to respond to the motion to compel five days after the lapse in appropriations ends), and that the hearing on Plaintiff's motion to compel be continued to the first available Friday after Defendants file their response.

5. Undersigned counsel endeavored to meet and confer with opposing counsel as to this motion on October 6, 2025, the first business day after Plaintiff filed his motion to compel.

---

[1] Plaintiff, without consulting counsel for Defendants, chose to notice the hearing on his motion to compel for a date two weeks after the close of discovery. *See* Dkt. 55.

Before telling undersigned counsel Plaintiff's position as to the relief requested herein, opposing counsel served Defendants with multiple notices of deposition on October 7, 2025, three days before the close of discovery, in violation of this Court's Local Rule 30(H) ("As a general rule, eleven (11) days in advance of the contemplated taking of a deposition shall constitute reasonable notice of the taking of a deposition in the continental United States[.]").  The same day, opposing counsel filed a "Motion to Amend the Scheduling Order to Extend Discovery," so that, *inter alia*, opposing counsel can take these depositions.  *See* Dkt. 56.  Only after these two actions, opposing counsel informed counsel for the Government that Plaintiff opposes the instant motion.  Respectfully, the lapse in appropriation has no bearing on the lack of diligence Plaintiff's counsel has exhibited in not noticing depositions within a reasonable time as set forth under the Local Rules of this Court. It is for this reason that Defendants are asking for more time for the motion to compel briefing, which motion to compel was properly filed before the close of discovery, but hereby oppose granting any additional days of discovery given the failure of Plaintiff's counsel to identify any reasonable explanation or good cause as to why counsel could not have noticed depositions in a timely manner.

6. The undersigned greatly regrets any inconvenience an enlargement of time would cause to the Court or opposing counsel.

7. A proposed order is provided for the convenience of the Court.

Dated: October 7, 2025

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

*By:*           /s/          
ELIZABETH A. SPAVINS
Assistant United States Attorney

3

Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:     (703) 299-3785
Fax:    (703) 299-3983
Email:  Lizzie.Spavins@usdoj.gov
*Counsel for Defendants*