IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OSAMA ABU IRSHAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:24cv1405 (MSN/WBP) |
| | ) |
| PAMELA BONDI, United States Attorney General, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) and Local Rule 7(F)(1), Defendants respectfully submit this memorandum of law in support of their motion for a protective order to preclude Plaintiff from seeking a Rule 30(b)(6) deposition on matters not relevant to the factual issues that remain to be decided in this case. Specifically, Defendants ask that this Court preclude Plaintiff from seeking a Rule 30(b)(6) deposition from U.S. Customs and Border Protection (CBP) on matters not relevant to the sole claim remaining in the case, to preclude Plaintiff from seeking testimony regarding privilege material, and preclude Plaintiff from seeking any Rule 30(b)(6) deposition from the Federal Bureau of Investigation (FBI) and Threat Screening Center (TSC).

## INTRODUCTION

All but a single issue in this case has been resolved. Although this case began with multiple plaintiffs claiming that their alleged inclusion in the Terrorist Screening Dataset (TSDS), previously known as the Terrorist Screening Database (TSDB), violated their rights

1

under the Constitution and the Administrative Procedure Act, *see* Dkt. 1, a single claim as to a single Plaintiff remains before the Court: specifically, Plaintiff Abu Irshaid's as-applied challenge under the Fourth Amendment to two alleged forensic searches of his electronic devices while he was a traveler at Washington Dulles International Airport (Dulles) on June 3, 2024 and August 8, 2024. *See* Dkt. 30 at 15–20 (dismissing Fourth Amendment claim except for as-applied challenge to 2024 searches and seizure); Dkt. 45 (granting reconsideration and dismissing Fourth Amendment claim as to alleged seizure). In other words, Plaintiff should *not* be permitted to conduct broad sweeping discovery into the TSDS.

Yet, Plaintiff has noticed three depositions under F.R.C.P. 30(b)(6) of three different federal agencies—CBP, the FBI, and TSC—who will each be asked to testify as to five wide-ranging topics, spanning at least a *fifteen year period* going back to 2010 (and some topics lack any time limitation at all). Plaintiff has also noticed numerous topics wholly irrelevant to the sole issue remaining in this case. These topics largely seek information regarding any interaction between Plaintiff and law enforcement, presumably in order to obtain information about the TSDS—the merits issue that the District Court has already resolved in Defendants' favor. The topics further seek discovery that circumvents the District Court's merits ruling dismissing the Plaintiff's seizure claim. None of these is a proper use of a 30(b)(6) deposition.

During a meet and confer, Plaintiff would not agree to narrow these topics generally or withdraw his notices specifically as to the FBI or TSC. The parties did discuss continuing negotiations, but no issues have been resolved as of the filing of this motion. Defendants now seek a protective order to limit Topics 1 through 5 for CBP to information relevant to the sole remaining issue in this case, that is, whether CBP's searches passed muster under the Fourth Amendment, to preclude Plaintiff from seeking testimony of privilege material, and to preclude depositions of the

FBI and TSC, who did not make the decision to search Plaintiff's phone.

Finally, it is worth noting that there is substantial overlap between the issues raised in the instant Motion for a Protective Order and Defendants' Opposition to Plaintiff's Motion to Compel. *See* Dkt. 63 and accompanying exhibits. Accordingly, Defendants have noticed a hearing for the instant motion on the same date as the Court has currently set a hearing as to Plaintiff's Motion to Compel, December 5, 2025.

## BACKGROUND

On October 7, 2025, three days before the original end of discovery, *see* Dkt. 47, Plaintiff served notices of depositions for CBP, the FBI, and TSC. Those deposition notices did not contain dates, and indeed, could not have properly set dates within the discovery period, under the Local Rules. *See* Local Rule 30(H) ("As a general rule, eleven (11) days in advance of the contemplated taking of a deposition shall constitute reasonable notice of the taking of a deposition in the continental United States[.]"); *see also* Dkt. 58 at 2-3. On November 21, 2025, after the Court issued an order extending discovery until December 12, 2025, Plaintiff re-issued the same deposition notices. Ex. A. The 30(b)(6) notices identified five topics on which Plaintiff seeks testimony. As to CBP, Topics 1 through 5 relate to all border "screenings,"[1] searches, and seizures "conducted by or known to" CBP from 2010 to present (it should be noted that some of the requests are unbounded by any time limitation). Ex. A. The topics are in no way limited to *forensic*

---

[1] Plaintiff's Topics 1 through 5 make no distinction between screenings, searches, forensic searches, and seizures, but as this Court held in its decision granting Defendants' motion to dismiss in part, there is an exception to the Fourth Amendment's warrant requirement "at our Nation's borders, where agents 'need no warrant, nor any individualized suspicion, to conduct 'routine searches of the persons and effects of entrants.' *United States v. Nkohngo*, 107 F.4th 373, 381 (4th Cir. 2024) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985))." Dkt. 30 at 16.

3

*searches*[2] *conducted by CBP*, much less the alleged forensic searches conducted on June 3 and August 8, 2024 at Dulles, the sole issue remaining in this case. *See* Dkt. 30, 45. The deposition notices as to the FBI and TSC contain similarly-worded topics, and are thus, at a minimum, duplicative of those requests already made to CBP, the agency charged with conducting searches at the border. *See* Ex. A. Moreover, instead of even being limited to border screenings (which, again, is significantly overbroad compared to a request regarding forensic searches at the border, even as to CBP), the notices as to the FBI and TSC seek information even further afield of *forensic border searches conducted by CBP in June and August* 2024—specifically, asking for information about, *inter alia,* "[e]ach occasion the FBI searched, seized, or made a request to Plaintiff to search or seize any of his electronic devices, from 2010 to the present," Ex. A; *see also id.* ("Each occasion the TSC searched, seized, or made a request to Plaintiff to search or seize any of his electronic devices, from 2010 to the present.").

The parties held a telephonic meet and confer on November 26, 2025, during which Plaintiff was unwilling to limit the scope of the Topics or the depositions for three different federal agencies – CBP, the FBI, and TSC. However, the parties agreed to continue negotiations in the hopes of resolving at least some of their disputes over the proper scope of Plaintiff's discovery requests and Rule 30(b)(6) deposition notices. Following the meet and confer, Defendants served

---

[2] As explained in Defendants' opposition to Plaintiff's Motion to Compel, *see* DKt. 63 at 7 n.1., CBP's public policy regarding border searches of electronic devices does not use the terms "forensic" and "non-forensic." Instead, CBP classifies border searches of electronic devices as "basic" or "advanced." An advanced search is "any search in which an Officer connects external equipment, through a wired or wireless connection, to an electronic device not merely to gain access to the device, but to review, copy, and/or analyze its contents. CBP Directive No. 3340-049A, *Border Search of Electronic Devices*, at § 5.1.4 (Jan. 4, 2018). Defendants do not concede that all advanced searches qualify as forensic searches under governing caselaw, but Defendants have offered to stipulate, for the purposes of this litigation only, that the relevant searches in this case were forensic.

4

objections to the topics on November 28, 2025, Ex. B, to memorialize the parties' discussions regarding the deposition notices.

Defendants now seek a protective order to limit Topics 1 through 5 as to CBP to information relevant to the sole remaining issue in this case, to preclude Plaintiff from seeking testimony of privilege material, and to preclude 30(b)(6) depositions of the FBI and TSC.

## LEGAL STANDARD

Rule 26(b)(1) provides that the permissible scope of discovery in any case is limited to information "that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2) in turn instructs courts to limit discovery to the extent that it is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient or less burdensome, or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(iii). Thus, when a party seeks to take the Rule 30(b)(6) deposition of an organization, it "must describe with reasonable particularity the matters for examination," and those "matters for examination" are equally subject to the limitations of Rule 26. *See Nicholas v. Wyndham Int'l*, 373 F.3d 537, 543 (4th Cir. 2004).

A party may seek relief from duplicative or unduly burdensome discovery via a motion for protective order, which is governed by Federal Rule of Civil Procedure 26(c). That rule provides that the Court may issue such an order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [f]orbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1)(A). The party seeking the entry of the

5

protective order (here, Defendants) bears the burden of demonstrating the good cause required by the rule. *See, e.g.*, *McAfee v. Boczar*, 2012 WL 2374173, at *3 (E.D. Va. Jun. 22, 2012).

Finally, material covered by a properly invoked privilege is not subject to disclosure during discovery. *See, e.g.*, *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (citing *In re the City of New York*, 607 F.3d 923, 948 (2d Cir. 2010)); *see also* Dkt. 63 at 7-12 (Defendants' opposition to Plaintiff's motion to compel).

## DISCUSSION

I.  **As to CBP, the Court Should Limit Topics 1 through 5 Because as Written They Are Overly Broad, Unduly Burdensome, Irrelevant, and Disproportionate to the Needs of the Case, and Because They Address a Merits Issue the Court Already Resolved in Defendants' Favor**

As to CBP, Topics 1 through 5 relate to all border "screenings," searches, and seizures "conducted by or known to" CBP from 2010 to present (or in some instances, an unlimited time period). Ex. A. The topics are in no way limited to *forensic searches conducted by CBP*, much less the alleged forensic searches conducted on June 3 and August 8, 2024 at Dulles, the sole issue remaining in this case. *See* Dkt. 30, 45.

As a threshold matter, Plaintiff's Topics 1 through 5 make no distinction between screenings, searches, forensic searches, and seizures, and as a result seek information that is not only tremendously overbroad, but also relates to issues already resolved in Defendants' favor. As an initial matter, Plaintiff's repeated focus on "screenings" throughout the deposition notice topics is particularly inapt because CBP does not do screenings – rather, those are done by the Transportation Security Administration (TSA) and are not the subject of Plaintiffs sole remaining claim in this case. *See* https://www.tsa.gov/travel/security-screening. Moreover, as this Court held in its decision granting Defendants' motion to dismiss in part, there is an exception to the Fourth Amendment's warrant requirement "at our Nation's borders, where agents 'need no warrant, nor

6

any individualized suspicion, to conduct 'routine searches of the persons and effects of entrants.' *United States v. Nkohngo*, 107 F.4th 373, 381 (4th Cir. 2024) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985))." Dkt. 30 at 16. Thus, Plaintiff's request for deposition testimony as to *screenings*, which require no individualized suspicion of any kind, is tremendously overbroad compared to the sole remaining issue in this case, Plaintiff's Fourth Amendment challenge to two alleged *forensic searches* in June and August 2024. As to Plaintiff's deposition topic related to his now-dismissed seizure claim, this is simply an attempt to undo the Court's grant of the Defendants' motion for reconsideration. *See* Dkt. 45 (granting reconsideration and dismissing Fourth Amendment claim as to alleged seizure). Accordingly, producing and preparing a witness to testify about issues so far afield from the sole remaining legal issue in this case is unduly burdensome and disproportionate to the needs of the case.

Moreover, Plaintiff seeks deposition testimony from a time period spanning at least *fifteen years* before the two searches at issue here, thus with no temporal relation to the sole remaining issue in this case. Responding to these topics would require CBP to prepare a witness who could testify to events that occurred over a fifteen year period, when Plaintiff's suit concerns solely two alleged forensic searches two months apart in 2024, and does not seek relief for any alleged prior searches.[3] The burdensome nature of such efforts is disproportionate to the very limited remaining issue in the case—Plaintiff's Fourth Amendment challenge to two alleged forensic searches *in 2024*, as set forth in the District Court's Orders. Dkt. 30, 45; *cf. Blankenship v. Fox News Network, LLC*, 2020 WL 9718873, at *16 (S.D.W. Va. Sept. 21, 2020), *objections*

---

[3] To the extent Plaintiff seeks damages from Defendants, any such damages would be barred by sovereign immunity. *See, e.g.*, Stroud v. Winter, 2009 WL 790100, at *6 (E.D. Va. Mar. 24, 2009) ("a claim for damages against a federal agency, or against the head of an agency in his/her official capacity, 'is barred by sovereign immunity unless Congress has expressly or impliedly consented to suit'") (quoting Radin v. United States, 699 F.2d 681, 684-85 (4th Cir. 1983)).

*overruled*, 2021 WL 2345972 (S.D.W. Va. June 8, 2021) (holding requested discovery is logically connected to the plaintiff's conspiracy claim. "Discovery is a fishing expedition when it goes beyond the pleadings' allegations to attempt finding additional violations or claims." *Blankenship*, 2020 WL 9718873, at *15. . Since this requested testimony is "outside the scope permitted by Rule 26(b)(1)," it may not be had. Fed. R. Civ. P. 26(b)(2)(C). For all these reasons, deposition testimony concerning CBP encounters dating back to 2010 should be precluded.

To the extent Plaintiff argues that he needs this expansive information going back *fifteen years* in order to support his claim for injunctive relief, this claim is contradicted by his own allegations. Plaintiff alleges, in conclusory terms, that federal officers purportedly seized unidentified "electronic devices" on unspecified occasions between 2010 and 2017, but by his own account, he was allegedly removed from the TSDS in 2017, after which point he does not allege any further seizures of electronic devices until he claims to have been re-added to the TSDS in 2024. *See* Am. Compl. ¶¶ 271, 276; *see also* Dkt. 54 at 9 ("[t]his recurring search dates back more than a decade, having been searched repeatedly 'from 2010 to 2017'"). Thus, any searches that occurred *prior to 2024* have nothing to do with his current claim, which is about searches that occurred *after* he alleges he was re-added to the TSDS. *See id.* ¶ 276.

Accordingly, for the reasons stated above, Plaintiff is not entitled to seek deposition testimony outside the scope of discovery as it relates to the sole remaining claim in this case, and thus the motion for a protective order should be granted.

    **II.**     **The Court Should Preclude Testimony as to Topics 1 through 5 (with respect to CBP, the FBI, and TSC) to the Extent Such Requests Intrude on the Law Enforcement Privilege, Classified Information, and/or National Security Concerns**

As conveyed in Defendants' letter to Plaintiff, Defendants object to the topics in

Plaintiff's Notices of Deposition to the extent they seek information protected by privilege, specifically the law enforcement and investigatory files privilege, and to the extent it seeks information that is Sensitive Security Information ("SSI"). Providing testimony responsive to Plaintiff's broadly-written topics could reasonably be expected to risk circumvention of the law and harm to national security. Defendants also object to Plaintiff's topics to the extent they seek information that is classified and/or may be subject to an assertion of the state secrets privilege or other appropriate statutory protection pertaining to such information. *See* Ex. B. Discovery into such matters is not proper and thus should be precluded.

Moreover, for the same reasons Defendants have asserted the law enforcement privilege in response to Plaintiff's requests for production of documents and interrogatories, *see* Dkt. 63 at 7-11, Defendants also assert the law enforcement privilege as to Plaintiff's Rule 30(b)(6) deposition notices. To establish that the law enforcement privilege applies, the party asserting the privilege must demonstrate that the documents sought include:

> (1) information pertaining to law enforcement techniques and procedures; (2) information that would undermine the confidentiality of sources; (3) information that would endanger witness and law enforcement personnel; (4) information that would undermine the privacy of individuals involved in an investigation; or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.

*Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (quoting *In re the City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (citations omitted)).

Defendants' assertion of the law enforcement privilege is set forth in the two declarations attached to Defendants' opposition to Plaintiff's Motion to Compel, which explain "[t]he harm which could be caused by the release of this sensitive information outside of the carefully

9

controlled context in which it is created, interpreted, and maintained."[4] *See* Dkt. 63-2 at 6; *see also* Dkt. 63-3 and 4 (filed in part ex parte and under seal). Given the, at best, attenuated relevance of the information Plaintiff seeks, the weighty public interest in non-disclosure, as thoroughly documented in Defendants' attached declarations, tips the scales heavily in favor of granting Defendants' motion for a protective order concerning information subject to the law enforcement privilege. *See, e.g.*, *In re Sealed Case*, 856 F.2d at 272 (listing factors to be considered in balancing).

### III. As to the FBI and TSC, the Court Should Preclude Topics 1 through 5 Because They Are Overly Broad, Unduly Burdensome, Irrelevant, and Disproportionate to the Needs of the Case, and Because They Address Merits Issues the Court Already Resolved in Defendants' Favor

As to Plaintiff's deposition notices to the FBI and TSC, all of the objections and arguments set forth above apply with even more force. The deposition notices as to the FBI and TSC seek to stretch discovery in a case where the sole remaining claim pertains to two alleged forensic searches at the border, beyond the federal agency that conducted those searches. Plaintiff's overbroad topics seek information regarding any interaction between Plaintiff and the United States government, presumably in order to obtain information about the TSDS—the merits issue that the District Court has already resolved in Defendants' favor. This is not a proper use of a 30(b)(6) deposition.

Although this case began with multiple plaintiffs claiming that their alleged inclusion in

---

[4] A "claim of [official information] privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications." *Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 670 (D.N.J. 2015). An agency head can delegate this authority, but it must be to someone sufficiently senior. *See, e.g.*, *Martin v. Albany Bus. Journal, Inc.*, 780 F. Supp. 927, 934 (N.D.N.Y. 1992); *Yankee Atomic Elec. Co. v. United States*, 54 Fed. Cl. 306, 310-11 (Fed. Cl. 2002) (Secretary of Energy could delegate authority to invoke executive privilege to Chief Operating Officer, Civilian Radioactive Waste Management, within the Department of Energy) (citing other circuits that allow delegation).

the TSDS, previously known as the TSDB, violated their rights under the Constitution and the Administrative Procedure Act, *see* Dkt. 1, a single claim as to a single Plaintiff remains in this case: specifically, Plaintiff Abu Irshaid's as-applied challenge under the Fourth Amendment to two alleged forensic searches of his electronic devices while he was a traveler at Dulles on June 3, 2024 and August 8, 2024. *See* Dkt. 30 at 15–20 (dismissing Fourth Amendment claim except for as-applied challenge to 2024 searches and seizure); Dkt. 45 (granting reconsideration and dismissing Fourth Amendment claim as to alleged seizure).

The limited scope of the sole remaining issue in this case is therefore the law of the case. "Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016). "Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again." *Id.*; *see also Liberty Ins. Corp. v. Ogalo*, 2016 WL 7042940, at *2 (E.D. Va. June 1, 2016) (Nachmanoff, J.) (holding law of the case doctrine meant earlier ruling in the case applied to third defendant), *report and recommendation adopted*, 2016 WL 7042941 (E.D. Va. June 28, 2016); § 4478 Law of the Case, 18B Fed. Prac. & Proc. Juris. § 4478 (3d ed.) ("Law-of-the-case principles in this aspect are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards."). Plaintiff's unfounded attempts to do an end-run around the Court's decision through a deposition notice months later should not stand. Discovery does not present an opportunity for Plaintiff to "try again" to see if the Court would "reconsider issues already resolved" earlier in this litigation. In other words, Plaintiff should *not* be permitted to conduct broad sweeping discovery into the TSDS.

For all these reasons, the Court should reject Plaintiff's request for 30(b)(6) testimony from the FBI and TSC.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court limit 30(b)(6) testimony to preclude depositions of the FBI and TSC, and to limit Topics 1 through 5 as to CBP to information relevant to the sole remaining issue in this case.

Dated: November 28, 2025

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY AND
SPECIAL UNITED STATES ATTORNEY

TODD W, BLANCHE
DEPUTY ATTORNEY GENERAL

ROBERT K. MCBRIDE
FIRST ASSISTANT UNITED STATES
ATTORNEY

By: _____/s/_____
ELIZABETH A. SPAVINS
PETER B. BAUMHART
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3785
Fax:   (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov
Peter.Baumhart@usdoj.gov
*Counsel for Defendants*