**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| OSAMA ABU IRSHAID,<br><br>          Plaintiff,<br><br>    v.<br><br>PAMELA BONDI, United States Attorney General, *et al.*,<br><br>          Defendants. | No. 1:24-cv-1405 (MSN/WBP) |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendants Pamela Bondi, United States Attorney General; Kash Patel, Director, Federal Bureau of Investigation; Michael Glasheen, Director, Threat Screening Center; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Rodney S. Scott, Commissioner, U.S. Customs and Border Protection (collectively, "Defendants"), through undersigned counsel, respectfully answer Plaintiff's second amended complaint (Dkt. 115) as follows:

## INTRODUCTION[1]

1.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

2.      Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

---

[1] Defendants include the headings from the second amended complaint for clarity only. The inclusion of those headings in this answer should not be construed as an admission of any kind by Defendants. In addition, the second amended complaint begins with an introductory paragraph, to which no response is required. To the extent that a response is required, Defendants deny any allegations of wrongdoing and further deny that Plaintiff is entitled to any of the relief he seeks in this action.

3.      To the extent that this paragraph reflects the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

4.      To the extent that this paragraph reflects the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

5.      Defendants admit only that CBP may ask questions on a variety of topics in the course of its law enforcement and national security mission. The remaining allegations in the paragraph constitute characterizations of the action, to which no response is required.

6.      To the extent that this paragraph reflects the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

7.      The allegations in this paragraph concern a claim that has been dismissed. *See* Dkt. 45. Accordingly, no response is required.

8.      Denied.

## PARTIES

### *Plaintiff*

9.      Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and, on that basis, deny them. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required.

### *Defendant Pamela Bondi*

10.      Admitted.

11.      Denied.

12.     With respect to the first sentence, Defendants admit only that DOJ employees and officials may attend WLAC meetings.  The remaining allegations in this paragraph are denied.

13.     Defendants admit only that certain DOJ components are authorized to make nominations to TSDS. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated individuals," and on that basis deny them. To the extent that the allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

14.     To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  With respect to the averments regarding "other similarly situated individuals," Defendants lack information sufficient to admit or deny.  Defendants admit only that TSC supports DHS TRIP by helping to resolve inquiries which may appear to be related to data in the TSDS, and that DHS TRIP provides redress to individuals for travel-related difficulties, including watchlist issues. To the extent that the allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

15.     Defendants neither confirm nor deny the allegations in this paragraph, as that information is protected by statute and privileges.

16.     Defendants neither confirm nor deny the allegations in this paragraph, as that information is protected by statute and privileges.

17.     The allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

**Defendant Kash Patel**

18.    Admitted.

19.    Admitted except that the TSC is now referred to as the Threat Screening Center.

20.    With regard to the first sentence, Defendants admit only that FBI employees and officials attend WLAC meetings. The remaining allegations in this paragraph are denied.

21.    Defendants admit only that the FBI is authorized to make nominations to TSDS. To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. With respect to the averments regarding "other similarly situated American citizens," Defendants lack information sufficient to admit or deny. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

22.    Defendants admit that nominations of known or suspected international terrorists are submitted by federal departments and agencies and are processed through the National Counterterrorism Center. Defendants further admit that the FBI is responsible for all nominations of known or suspected domestic terrorists, and submits those domestic terrorist identity nominations directly to the TSC. The remaining allegations are denied.

23.    With respect to the averments regarding "other similarly situated American citizens," Defendants lack information sufficient to admit or deny. The remaining allegations in this paragraph are otherwise denied.

24.    Defendants admit that the National Crime Information Center (NCIC) is a national criminal justice information system, operated by the FBI's Criminal Justice Information Services Division, that facilitates the sharing of criminal justice information among criminal justice agencies and other authorized entities. The remaining allegations are denied.

25.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute

and privileges. With respect to the averments regarding "other similarly situated individuals," Defendants lack information sufficient to admit or deny. Defendants admit only that some subsets of the TSDB are exported to the NCIC, a database to which criminal justice agencies and other authorized entities have access. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

26.     To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. With respect to the averments regarding "other similarly situated individuals," Defendants lack information sufficient to admit or deny. Defendants admit only that TSC exports subsets of TSDB data to certain foreign governments with which TSC has entered into foreign partner arrangements; that certain TSA and TSC contractors have access to TSDB information in their capacity as TSA or TSC staff; and that some subsets of the TSDB are exported to the NCIC, a database to which criminal justice agencies and other authorized entities have access. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

27.     To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. With respect to the averments regarding "other similarly situated individuals," Defendants lack information sufficient to admit or deny. Defendants admit only that TSC supports DHS TRIP by helping to resolve inquiries which may appear to be related to data in the TSDS, and that DHS TRIP provides redress to individuals for travel-related difficulties, including watchlist issues. To the extent the allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

28.     Defendants admit only that the FBI uses TSDS information for FBI investigative purposes.  The remaining allegations are denied.

29.     The allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

**Defendant Mihael [sic] Glasheen**

30.     Admitted except that the TSC is now referred to as the Threat Screening Center.

31.     Admitted as to the first clause before the comma, denied as to the remaining allegations in this paragraph.

32.     Admitted.

33.     To the extent that this paragraph reflects the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

34.     As to the first sentence of this paragraph, admitted.  As to the second sentence, to the extent that this paragraph reflects the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations.  To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

35.     Denied.

36.     Denied.

37.     The allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

*Defendant Kristi Noem*

38.    Admitted.

39.    Denied.

40.    Denied.

41.    Defendants neither confirm nor deny the allegations in this paragraph as they pertain to Plaintiff Abu Irshaid, because that information is protected by statute and privileged. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

42.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph with respect to Plaintiff Abu Irshaid. With respect to the averments regarding "other similarly situated American citizens," Defendants lack information sufficient to admit or deny. To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

43.    Denied.

44.    Defendants admit that DHS maintains the DHS Automated Biometric Identification System (IDENT), a system of biometric and associated biographic records, which may include TSDS records. The TSDS is administered by the Threat Screening Center and provides terrorism screening information to U.S. Government screening and vetting agencies for appropriate and lawful use in accordance with their authorities. The rest of the allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

45.    Denied.

46.    The allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

***Defendant Rodney Scott***

47.    Admitted.

48.    Denied.

49.    Defendants can neither admit nor deny the allegations in this paragraph, as the information at issue is protected from disclosure by statute and privileges.  Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens."  To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

50.     To the extent that these allegations reflect the watchlist status of Plaintiff Abu Irshaid, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants lack information sufficient to admit or deny Plaintiffs' averments regarding "similarly situated American citizens," and otherwise deny the remaining allegations.  To the extent that the remaining allegations in this paragraph concern parties whose claims have been dismissed, *see* Dkt. 30, no response is required.

51.    Defendants admit that CBP participates in the review of inquiries submitted through the DHS TRIP process.  Defendants deny the remaining allegations in this paragraph including that DHS TRIP is the only administrative complaint process to challenge nominations to the TSDS.

52.    Defendants neither confirm nor deny these allegations, as this information is protected by statute and privileges.

53.    Defendants admit that a review of historic TECS records may contain information of an individual's historic watchlist status.  Defendants deny the allegations in the second sentence.

54.    The allegations in this paragraph constitute Plaintiff's characterization of the claims in this action. Accordingly, no response is required.

**JURISDICTION AND VENUE**

8

55. The allegations in this paragraph constitute legal conclusions to which no response is required.

56. The allegations in this paragraph constitute legal conclusions to which no response is required.

57. The allegations in this paragraph constitute legal conclusions to which no response is required.

58. The allegations in this paragraph constitute legal conclusions to which no response is required.

59. The allegations in this paragraph constitute legal conclusions to which no response is required.

60. The allegations in this paragraph constitute legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### The Federal Government's Expansive TSDB Inclusion Standards Capture Broad Categories of Innocent Travelers

61. Denied.

62. Denied.

63. Denied.

64. Admitted.

65. Defendants admit that CBP uses threshold targeting rules as part of its risk management and enforcement strategy to identify and assess potential threats to national security and public safety. These rules help CBP officers determine which individuals, cargo, and conveyances require additional scrutiny. Defendants deny the remaining allegations in this paragraph.

66. Admitted.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. Defendants deny the allegations in the second sentence of this paragraph.

72. Denied.

73. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

74. To the extent that this paragraph reflects the watchlist status of any individual, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.

75. Admitted.

76. Denied.

77. The allegations in this paragraph constitute legal conclusions, to which no response is required.

78. Admitted.

79. Denied.

80. Defendants object to this allegation as vague, but notwithstanding this objection deny the allegations in this paragraph.

81. Denied.

82. As to the first two sentences, the allegations are denied, but to the extent related information is available at https://www.gao.gov/assets/gao-08-110.pdf, the document is the best evidence of this information. The allegations in the third sentence of this paragraph purport to

reference statements in a document. That document is the best evidence of its contents, and Defendants deny any inconsistent characterization.

83.      Defendants neither admit nor deny the allegations in this paragraph because that information is protected by statute and privileges.

84.      The allegations in this paragraph purport to quote statements made at a Senate Homeland Security Committee hearing. Those statements are the best evidence of their contents, and Defendants deny any inconsistent characterization.

85.      Denied.

86.      The allegations in this paragraph purport to reference statements in a document. That document is the best evidence of its contents, and Defendants deny any inconsistent characterization.

87.      Defendants lack information sufficient to admit or deny the allegations in this paragraph. To the extent that an answer is required, Defendants can neither confirm nor deny the allegations regarding the individual's purported watchlist status.

88.      Denied.

89.      Denied.

90.      Denied.

91.      Denied.

92.      Denied.

93.      Defendants admit that the federal government must make a nomination in accordance with established nomination policies. Defendants can neither admit nor deny the allegations in the second sentence of this paragraph because the information at issue is protected from disclosure by statute and privileges, but to the extent related information is available at https://www.gao.gov/assets/gao-08-110.pdf, the document is the best evidence of this information.

94.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

95.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

96.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

97.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

## CBP Policies Violate the Constitutional Rights
## of TSDB Listees

98.     Denied.

99.     Admitted.

100.    Defendants admit that the TSDS contains identifying information. Defendants deny the remaining allegations in this paragraph.

101.    Admitted.

102.    Denied.

103.    Defendants admit that all travelers are queried against U.S. Government systems, including TECS, prior to entry into the United States. Defendants also admit that TECS includes TSDS information. Defendants deny the remaining allegations in this paragraph.

104.    Defendants admit that commercial air carriers are required to provide to CBP advance passenger information regarding passengers traveling on a flight to or from the United States prior to the arrival or departure of the flight, and that APIS is an electronic data interchange system that allows carriers to transmit traveler data to CBP. Defendants deny the remaining allegations in this paragraph.

105.    Defendants admit that CBP can conduct additional screening and questioning of individual passengers at preclearance and immigration advisory program and joint security program locations. Defendants deny the remaining allegations in this paragraph.

106.    Admitted.

107.    Defendants admit that derogatory information is not available to CBP officers at ports of entry. Defendants deny the remaining allegations contained in this paragraph.

108.    Defendants admit that the National Targeting Center ("NTC") is a component of the CBP's Office of Field Operations (*see* 6 U.S.C. § 211(g)(4)) and that CBP, including NTC personnel, coordinate with the TSC in appropriate circumstances. Defendants deny the remaining allegations in this paragraph.

109.    Defendants can neither admit nor deny the allegations in this paragraph because the information at issue is protected from disclosure by statute and privileges.

110.    Denied.

111.    Denied.

112.    Defendants admit that CBP officers refer TSDS listees to secondary inspection and the TSDS listees may be compelled as a matter of process to provide biometric fingerprints. Defendants deny the remaining allegations in this paragraph.

113.    Defendants admit that, under CBP policy CBP officers may handcuff a TSDS listee before their referral to secondary inspection if they determine that restraints are reasonably  necessary under the totality of circumstances. Defendants also admit that under CBP policy the use of restraints on detainees must be in a manner that is safe, secure, humane, and professional. Defendants deny the remaining allegations in the paragraph.

114.    Denied.

115.    The allegations in this paragraph purport to reference statements in a policy document. That document is the best evidence of its contents, and Defendants deny any inconsistent characterization.

116.    Denied.

117.    Denied.

118.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

119.    Denied.

### Dr. Osama Abu Irshaid

120.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

121.    Admit.

122.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

123.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

124.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

125.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

126.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

127.    The allegations in this paragraph purport to reference statements in a document. That document is the best evidence of its contents, and Defendants deny any inconsistent characterization.

128.     The allegations in this paragraph purport to reference statements in a document. That document is the best evidence of its contents, and Defendants deny any inconsistent characterization.

129.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

130.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

### *Past Watchlist Treatment*

131.     Defendants can neither admit nor deny the allegations in the first sentence of this paragraph, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and, on that basis, deny them.

132.     Defendants deny that a boarding pass stamped with "SSSS" means that a traveler has been designated as a "known or suspected terrorist." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

133.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

134.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

135.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

136.     Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

15

137.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

138.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

### Dr. Abu Irshaid Placed on Watchlist Again in 2024

139.    Defendants can neither admit nor deny the allegations in this paragraph, as the watchlist status of particular individuals is protected from disclosure by statute and privileges.

140.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

141.    Denied.

142.    Denied.

143.    Admitted.

144.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

145.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants deny that a boarding pass stamped with "SSSS"

16

means that a traveler has been designated as a "known or suspected terrorist." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them. Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

146.     Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges

147.      Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

148.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

149.     Admitted.

150.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

151.     Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

152.     Defendants deny that a boarding pass stamped with "SSSS" means that a traveler has been designated as a "known or suspected terrorist." Defendants neither confirm nor deny the remainder of the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

153.     Defendants admit that CBP encountered Plaintiff Abu Irshaid at IAD and referred to him as "Dr. O." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

154.     Denied.

155.     Defendants admit that CBP escorted Plaintiff Abu Irshaid from the primary inspection area to secondary inspection for questioning regarding his travel. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

156.     Defendants admit that CBP questioned Plaintiff Abu Irshaid regarding his overseas relationships. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

157.     Denied.

158.     Defendants admit that CBP questioned Plaintiff Abu Irshaid regarding his overseas travel. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

159.     Admitted.

160.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

161.     Defendants admit that, during this encounter, Plaintiff Abu Irshaid stated that he deleted information from one cell phone with which he traveled. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

162.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

163. As to the first sentence, denied. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

164. As to the first clause, denied. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

165. Defendants admit that CBP detained Plaintiff Abu Irshaid's cell phone as part of the secondary inspection and provided him with a CBP Form 6051D, Detention Notice and Custody Receipt for Detained Property. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

166. Defendants admit that, as of December 3, 2024, Plaintiff Abu Irshaid had not received his cell phone back, with the qualification that the phone was returned to him on December 24, 2024.

167. Defendants deny the allegations in the first sentence of this paragraph, averring that Plaintiff Abu Irshaid's DHS TRIP inquiry was submitted on June 20, 2024. As to the allegations in the second sentence of this paragraph, Defendants admit only that at the time of the filing of the operative complaint, Plaintiff Abu Irshaid had not received a response to this inquiry.

168. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them, with the qualification that the phone was returned.

169. The allegations in this paragraph concern a claim that has been dismissed. *See* Dkt. 45. Accordingly, no response is required. To the extent a response is required, the allegations are denied.

170. The allegations in this paragraph concern a claim that has been dismissed. *See* Dkt. 45. Accordingly, no response is required. To the extent a response is required, the allegations are denied.

171. Admitted.

172. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph regarding actions of airline personnel and, on that basis, deny them. Otherwise,

Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

173.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

174.    Defendants deny that a boarding pass stamped with "SSSS" means that a traveler has been designated as a "known or suspected terrorist." Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph regarding actions of airline personnel and, on that basis, deny them. Otherwise, Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

175.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

176.    Defendants admit that CBP escorted Plaintiff Abu Irshaid to secondary inspection. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

177.    Denied.

178.    Admitted.

179.    Admitted.

180.    Defendants admit that, during this encounter, CBP questioned Plaintiff Abu Irshaid regarding his travel. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

181.    As to the first sentence, Defendants deny the allegations. Defendants admit that Plaintiff Abu Irshaid stated, during this encounter, that he traveled with two devices because of a prior

20

incident. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

182.    As to the first clause of this paragraph, Defendants deny the allegations; as to the remaining allegations, Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

183.    As to the first clause of this paragraph, Defendants deny the allegations; as to the remaining allegations, Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

184.    Defendants admit that CBP returned Plaintiff Abu Irshaid's phone to him and allowed him to leave. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

185.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

186.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges.

187.    Denied.

188.    Denied.

189.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

190.    Defendants can neither admit nor deny the allegations in this paragraph regarding Plaintiff Abu Irshaid's watchlist placement, as the watchlist status of particular individuals is protected

from disclosure by statute and privileges. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

191.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and, on that basis, deny them.  Otherwise, Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT – ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF OSAMA ABU IRSHAID'S ELECTRONIC DEVICES
### (Jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702)

192.    Defendants incorporate the foregoing responses as though fully set forth herein.

193.    The facial claim brought on behalf of Plaintiff Abu Irshaid has been dismissed. *See* Dkt. 30. The remaining allegations in this paragraph constitute Plaintiff Abu Irshaid's characterization of his claim, to which no response is required.

194.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

195.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  The allegations also concern a claim which has been dismissed.  *See* Dkt. 30.

196.    Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.  The allegations also concern a claim which has been dismissed.

201.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

202.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

203.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

204.    The facial claim brought on behalf of Plaintiff Abu Irshaid has been dismissed. *See* Dkt. 30. The remaining allegations in this paragraph and the unnumbered paragraph beginning with WHEREFORE constitute Plaintiff Abu Irshaid's characterization of his claim and the relief he seeks, to which no response is required.

## COUNT II
## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS
## BY RETALIATION
### (Jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702)

205.    Defendants incorporate the foregoing responses as though fully set forth herein.

206.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

207.    The allegations in this paragraph constitute legal conclusions, to which no response is required.

208.    Denied.

209.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, denied.

210.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, denied.

211.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, denied.

212.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, denied.

## PRAYER FOR RELIEF AND JURY DEMAND

Plaintiff's final paragraphs beginning with WHEREFORE represent their characterization of the relief they request, to which no response is required. To the extent that these paragraphs contain factual allegations to which a response is required, all allegations are denied. Defendants specifically deny all allegations of wrongdoing and that Plaintiffs are entitled to any relief whatsoever, including a trial by jury.

Any allegation of the second amended complaint not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

Based on the information presently available and known to Defendants, and without waiving, limiting, modifying, or amending the foregoing, Defendants assert the following affirmative defenses. Defendants reserve all rights to amend these defenses as appropriate as the case progresses:

1.    Plaintiffs have failed to demonstrate standing.

2.    Plaintiffs have failed to exhaust administrative remedies to the extent they have not fully utilized the DHS TRIP process.

3.    Plaintiffs' claims are barred by the statute of limitations to the extent that they did not bring suit "within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

4.    Plaintiffs' claims are barred by the doctrine of laches to the extent that they unduly delayed in bringing suit for the alleged violations.

5.    Plaintiffs' claims are barred by the doctrine of unclean hands to the extent that Plaintiffs themselves have engaged in conduct contributing to the alleged violations.

6.    Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

WHEREFORE, Defendants pray that this Court will enter judgment against Plaintiffs and for Defendants with costs and that Defendants shall have such other and further relief as shall be deemed appropriate.

Dated:  January 30, 2026                         Respectfully submitted,

                                                 TODD W. BLANCE
                                                 DEPUTY ATTORNEY GENERAL

                               *By*:    _____/s/_____
                                                 ELIZABETH A. SPAVINS
                                                 PETER B. BAUMHART
                                                 Assistant United States Attorney
                                                 Office of the United States Attorney
                                                 2100 Jamieson Avenue
                                                 Alexandria, Virginia 22314
                                                 Telephone: (703) 299-3785/3738
                                                 Fax:       (703) 299-3983
                                                 Email: Lizzie.Spavins@usdoj.gov
                                                        Peter.Baumhart@usdoj.gov

                                                 *Counsel for Defendants*